IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE GONZALEZ-RIVERA,

      Petitioner,

v.                                                   Civil Action No. 2:14cv83
                                                      (Judge Bailey)

**RUSSELL PURDUE, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On November 4, 2014, the *pro se* petitioner, an inmate then-incarcerated at FCI Hazelton in Bruceton Mills,[1] West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 with a memorandum in support, ostensibly challenging his sentence. Pursuant to a Notice of Deficient Pleading, on November 19, 2014, petitioner paid the filing fee.

This matter, before the undersigned for review, report, and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Factual and Procedural History[2]

**A. Conviction and Sentence**

On February 7, 1992, in the Eastern District of Pennsylvania, the Grand Jury issued a 28-count indictment, charging twelve individuals, including petitioner and five co-defendants, with

---

[1] Petitioner is presently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey.

[2] The information on petitioner's underlying criminal conviction in the Eastern District of Pennsylvania and his many appeals in the 3rd Circuit Court of Appeals is available on PACER at E.D. Pa. Case No. 2:92cr55-1. Because petitioner's underlying convictions are so old, part of the docket is the original paper docket, appended to the beginning of the electronic docket. There appears to be a gap in the pagination of the original paper docket, such that there are no filings shown for the period of time from October 24, 2008 until November 1, 2010. See Dkt.# 3 at 12 – 13. Given petitioner's litigious history, it seems likely that his post-conviction filing history may be underrepresented here as a result.

conspiracy to distribute cocaine in the Philadelphia, Pennsylvania region. The indictment resulted from an extensive undercover investigation in which the government conducted 90 days of electronic surveillance of a defendant's cellular telephone, via three one-month wiretap authorizations and three judicial sealings. Petitioner was charged in Count One with conspiracy to distribute cocaine, in violation of 21 U.S.C. §846; in Count Two with continuing criminal enterprise, in violation of 21 U.S.C. §848; in Count Five and Six with possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and aiding and abetting, in violation of 18 U.S.C. §2; in Counts Eight and Ten: use of a communication facility to facilitate drug felony; and named in Count Twenty-Four, a criminal forfeiture.

After the district court denied the defendants' motions to suppress the wiretaps, on September 24, 1992, after a 22-day trial, petitioner and his co-defendants were found guilty of conspiracy and other charges. Specifically, petitioner was convicted on Counts One, Two, Five, Six and Eight. On April 23, 1993, he was sentenced to life imprisonment on Count One, Two, Five and Six, and to four years imprisonment on Count Eight, to run concurrently with the sentences on Counts One, Two, Five and Six.

On November 7, 2000, upon remand after his first appeal, petitioner was resentenced; Count One was merged into Count Two, for which petitioner received a sentence of 36 years imprisonment to be followed by five years' supervised release. He received a 10-year sentence on Counts Five and Six, to run concurrently with the sentence in Count Two. On Count Eight, he was sentenced to four years imprisonment, to run concurrently with the sentences in Counts Two, Five and Six.

**B. Direct Appeals**

**First Appeal**

Petitioner (and his co-defendants) timely appealed, alleging that the trial court erred when it denied their motion to suppress certain telephone surveillance tapes because the tapes were not sealed immediately after the final authorization order expired, as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §2510 *et seq*. On October 25, 1994, *inter alia,* the Third Circuit Court of Appeals affirmed petitioner's convictions in Counts One, Two, Five, Six and Eight.[3] Nonetheless, it remanded petitioner's case for re-sentencing, finding that in calculating the defendants' original sentences, the district judge may have attached significance to one or more of the tapes at issue.

**Second Appeal, After Remand for Re-Sentencing.**

Petitioner again appealed, alleging that that 1) his indictment failed to state the elements of a continuing criminal enterprise ("CCE") violation; 2) that sufficient evidence did not support the jury's findings on those elements; and that 3) he did not have the opportunity to read and discuss the presentence investigation report ("PSR") with his attorney prior to sentencing. On February 26, 2002, the Third Circuit Court of Appeals affirmed the district court's judgment.[4]

**B. Motions to Vacate Pursuant to 28 U.S.C. §2255**

**First §2255 Motion**

On May 6, 2003, petitioner filed a Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. §2255 [sic], contended that his Sixth Amendment rights had been violated because his counsel had not pursued obtaining a plea agreement for him. By Order entered June 23, 2004, the district court dismissed the petition without a hearing, finding that his claim was frivolous; a

---

[3] United States v. Quintero, 38 F.3d 1317 (3rd Cir. 1994).

[4] United States v. Gonzalez-Rivera, 29 Fed. Appx. 848 (3rd Cir. Pa. 2002), *cert. denied*, Gonzalez-Rivera v. United States, 536 U.S. 972 (2002).

3

certificate of appealability was denied. Petitioner appealed. On February 15, 2007, by unpublished *per curiam* opinion, the Third Circuit Court of Appeals affirmed.[5]

Five years and ten months later, on December 14, 2012, petitioner filed a Petition for Writ of Mandamus in the Third Circuit Court of Appeals, seeking an order directing the Clerk to "receive, file and docket" his submissions undergirding his challenge to the Third Circuit's Order denying his motion to recall the mandate in the appeal of his first §2255 motion. By Order entered January 27, 2013, the Third Circuit denied the mandamus petition.[6]

**Second §2255 Motion**

On November 1, 2010, petitioner filed a *Pro Se* "Motion to Amend Pursuant to Relation Back Doctrine Civil Rule [sic] 15(c)(2)[,]" seeking to reopen his first §2255 motion. It was denied by Order entered October 9, 2012. Petitioner appealed.[7] After issuing an Order granting petitioner's motion to hold the case in abeyance, the Third Circuit Court of Appeals remanded the issue back to the District Court, directing it to make a determination as to whether a certificate of appealability should issue. By Order entered February 12, 2013, the District Court held that there was no basis for the issuance of a certificate of appealability because petitioner had not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). On May 15, 2013, the Third Circuit Court of Appeals denied petitioner's motion for a certificate of appealability.

**First 28 U.S.C. §2244(b) Motion**

---

[5] United States v. Gonzalez-Rivera, Case No. 04-3170, 217 Fed. Appx. 166 (3rd Cir. 2007), *cert. denied*, Gonzalez-Rivera v. United States, 552 U.S. 858 (2007).

[6] In re Jose Gonzalez-Rivera, Case No. 12-4502 (3rd Cir. 2013).

[7] USA v. Gonzales-Rivera, Case No. 12-4307 (3rd Cir. 2013).

On December 9, 2010, petitioner filed an Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. §2244(b) in the Third Circuit Court of Appeals. It was denied by Order entered January 20, 2011.[8]

**Second 28 U.S.C. §2244(b) Motion**

On August 19, 2011, in the Third Circuit Court of Appeals, petitioner filed an Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. §2244(b). It was dismissed by Order entered October 17, 2011, for failure to comply with 3rd Cir. LAR 22.5(i) and provide a memorandum.

**Third 28 U.S.C. §2244(b) Motion**

On May 15, 2014, petitioner filed another Application for Leave to File Second or Successive Petition pursuant to 28 U.S.C. §2244(b) in the Third Circuit.[9] In its July 15, 2014 Order denying the application, the Third Circuit noted that "[p]etitioner relies on Rosemond v. United States, 134 S.Ct. 1240 (2014), but that case did not announce a new rule of constitutional law made retroactive to cases on collateral review."

**Third §2255 Motion**

Without waiting for a decision on his then-pending third 28 U.S.C. §2244(b) Motion, on June 9, 2014, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 in the sentencing court, raising Rosemond. By Order entered June 13, 2014, it was dismissed as second or successive, and no certificate of appealability issued.

**C. Other Challenges to Petitioner's Conviction and/or Sentence**

**First §2241 Petition, Attacking Conviction and Sentence**

---

[8] In re: Jose Gonzalez-Rivera, No. 10-4556 (3rd Cir. 2011).

[9] In re Jose Gonzalez-Rivera, No. 14-2725 (3rd Cir. Jul. 15, 2014)

On September 12, 2006, in the sentencing court, petitioner filed a petition titled Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. §2255, followed shortly after, on September 27, 2006, by a Motion Requesting Acknowledgment of Initial (First) 2255 Motion to Vacate, Set Aside or Correct Sentence. On April 16, 2007, also in the sentencing court, petitioner filed a petition for Writ of Mandamus Compelling the U.S. Attorney to Present Facts Concerning Alleged Wrongdoing by Jose Gonzalez-Rivera, named Defendant, to Grand Jury Pursuant to 18:3332(a).

By Order entered October 31, 2007, petitioner's Motion Requesting Acknowledgment of Initial (First) 2255 Motion to Vacate, Set Aside or Correct Sentence was denied; a Motion for Correction of Clerical Errors under Rule 3 and 60(a) was denied; and petitioner's Writ of Mandamus Compelling U.S. Attorney to Present Facts Concerning Alleged Criminal Wrongdoing was denied as legally frivolous. The Clerk of Court was directed to amend the docket to reflect that petitioner's September 12, 2006 petition was petition pursuant to 28 U.S.C. §2241(a)(c)(2), and not a Motion to Vacate pursuant to 28 U.S.C. §2255. The Clerk was further directed to send petitioner a form §2255 petition and petitioner was directed to notify the court within 30 days whether he consented to the reclassification of his civil case (06cv4081) as a §2255 motion; if he consented, he was to fill out the §2255 form and file it. Petitioner was advised that if he insisted on proceeding with the case as a §2241 petition, it would be dismissed with prejudice for seeking relief unavailable in a §2241 action; if he did not respond, the case would be dismissed with prejudice for seeking relief unavailable in a §2241 action and for failure to comply with the court's order.

Petitioner did not respond. By Order entered December 14, 2007, petitioner's §2241 action was dismissed with prejudice for seeking relief unavailable in a §2241 action and for failure to comply with the court's October 31, 2007 order.

**Second §2241 Petition, Attacking Conviction and Sentence**

On July 30, 2008, petitioner filed a Motion to Vacate Conviction Based Upon Petitioner's Factual and Actual Innocence in the sentencing court. By Order entered July 31, 2008, the motion was docketed as a petition pursuant to 28 U.S.C. §2241(c)(1) & (3), and the Clerk was directed to send petitioner a blank court-approved form §2255 petition. Petitioner was again directed to notify the court within 30 days whether he consented to the reclassification of his motion as a §2255 motion, and if so, was directed to complete the §2255 form and file it within the court, and again instructed that if he insisted on proceeding as a §2241 action, it would be dismissed with prejudice for seeking relief unavailable in a §2241 action. Further, he was again advised that if he failed to respond, the case would be dismissed with prejudice for seeking relief unavailable in a §2241 action and for failure to comply with the court's order.

Petitioner did not consent to the recharacterization of his §2241 petition. By Order entered August 11, 2008, the Motion to Vacate Conviction Based Upon Petitioner's Factual and Actual Innocence was denied. Petitioner appealed. By unpublished *per curiam* opinion issued on March 30, 2009, the Third Circuit Court of Appeals dismissed the appeal as frivolous.[10]

**Third §2241 Petition, Attacking Conviction and Sentence**

On July 13, 2009, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the Middle District of Pennsylvania, contesting the BOP's removal of money from his prison account and requesting that the case be transferred to the sentencing court so that

---

[10] Rivera v. Martinez, 323 Fed. Appx. 148 (3rd Cir. 2009), *cert. denied*, Rivera v. United States, 558 U.S. 867 (2009).

he could be resentenced in accordance with 18 U.S.C. §3553(a). The District Court dismissed the petition, concluding that the BOP had authority to set a payment schedule for criminal fines and that Gonzalez-Rivera could not challenge his conviction under §2241. Petitioner filed a timely motion for reconsideration, which the court denied. Gonzalez-Rivera appealed. By *per curiam* opinion issued on January 21, 2010, the Third Circuit Court of Appeals affirmed.[11] On March 11, 2010, petitioner's petition for rehearing *en banc* and before the original panel was denied**.**

**Fed. R. Crim. Pro. 36 Motion Requesting Correction of Amended Judgment**

On September 8, 2011, in the sentencing court, petitioner filed a *Pro Se* Motion Requesting Correction of Amended Judgment of November 14, 2000 Allowing it to Conform with the Orally Pronounced Sentence of November 7, 2000 Pursuant to Federal Rules of Criminal Procedure Rule 36. By Order entered January 13, 2012, the motion was denied.

**First Motion Under 18 U.S.C. §3582(c)**

On December 14, 2011, petitioner filed a *Pro Se* Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. 1B1.10. It was denied by Order entered May 18, 2012.

**Writ of Error *Audita Querela* or *Coram Nobis* Under 28 U.S.C. §1651**

On May 24, 2013, in the sentencing court, petitioner filed a *Pro Se* Petition Seeking a Writ of Error *Audita Querela* or *Coram Nobis* Under 28 U.S.C. §1651, seeking post-conviction relief, arguing: 1) his indictment violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; 2) his conviction for participating in a continuing criminal enterprise is in "constitutionally troubled waters;" and 3) the jury's verdict finding him guilty of possession with intent to distribute cocaine was a misdemeanor, not a felony. By Order entered May 30, 2013, petitioner's *Pro Se* Petition Seeking a Writ of Error *Audita Querela* or *Coram*

---

[11] Gonzalez-Rivera v. Holt, No. 09-3524 (3rd Cir. 2010).

*Nobis* Under 28 U.S.C. §1651 was denied. Petitioner appealed. By *per curiam* opinion issued on August 22, 2013, the Third Circuit affirmed.[12] Petitioner filed a motion to recall the mandate and for leave to file a petition for rehearing out of time. Both motions were denied by Order entered October 24, 2013. Petitioner's subsequent petition for writ of *certiorari* to the United States Supreme Court was denied on February 24, 2014.

**Second Motion Under 18 U.S.C. §3582(c)**

On May 7, 2015, petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. §3582(c)(2) in the sentencing court. It was denied by Order entered October 9, 2015. Petitioner appealed. That appeal is still pending in the Third Circuit Court of Appeals.[13] Nonetheless, despite the pending appeal, on December 28, 2015, petitioner filed a motion for reconsideration in the sentencing court. That motion is still pending as well.

According to the Bureau of Prisons' online Inmate Locator, petitioner is now 71 years old with a projected release date of May 28, 2023.

### III. Issues Presented

**The Petition**

Gonzalez-Rivera's pending §2241 petition, with its eighteen-paged typed memorandum in support, filed without a motion to exceed the page limits, is no model of clarity. Nonetheless, it appears that he is asserting that he was "convicted by the reference of the aiding and abetting statute, that has since been narrowed[,]"[14] presumably by Rosemond v. United States, 134 S.Ct.

---

[12] United States v. Gonzalez-Rivera, No. 13-2790 (3rd Cir. 2013).

[13] United States v Gonzalez-Rivera, Case No. 2:92cr55-1 (E.D. Pa. 2015), appeal docketed, No. 15-3899 (3rd Cir. Dec. 4, 2015).

[14] Dkt.# 1 at 8.

9

1240 (2014), where the United States Supreme Court to decide "what it takes to aid and abet[.]"[15] He argues that

> one look into the jury instructions in this case and the same problem exists. That is, the court in this case instructed the jury that it could convict even if Gonzalez was unaware of his alleged cohorts [sic] actions. In fact, the instructions concerning the conspiracy and the §848, specifically permitted the jury to convict based on nothing more [than] presence.

Dkt.# 1-1 at 17 – 18. Petitioner also cites to In re Jones[16] and Persaud v. United States[17] in support of his claim that §2255 is inadequate and ineffective to test the legality of his conviction.

As relief, the petitioner requests that the court "vacate the sentence and convictions tied to all counts and then, if necessary resentence Him [sic] to no more than time served."[18]

## IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551

---

[15] Dkt.# 1-1 at 15.

[16] In re Jones, 226 F.3d 328 (4th Cir. 2000).

[17] Persaud v. United States, 134 S.Ct. 1023 (2014).

[18] Dkt.# 1 at 8.

U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**V. Analysis**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

Here, the petitioner ostensibly attacks the validity of his sentence[19] rather than the means of its execution, despite his claim for relief to have the court "vacate the sentence and convictions tied to all counts and then, if necessary resentence Him [sic] to no more than time served."[20] Therefore, as petitioner well knows, given his history of filing §2241 petitions attacking his conviction and/or sentence, it is the type of challenge that ordinarily must be brought under §2255 and not §2241.

---

[19] On the first page of his court-approved form complaint, under the boxes to check under "[t]his petition concerns" petitioner checked only "a sentence," but not "a conviction" or any of the other choices offered. See Dkt.# 1 at 1.

[20] Dkt.# 1 at 8.

However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of §2241, but only under the §2255 "savings clause" when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial at 1194. Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[21]

Id. at 333-34.

Although petitioner impliedly raises a savings clause argument, it is clear that he is not entitled to its application. In the instant case, even if petitioner satisfied the first and third elements of Jones, violations of 21 U.S.C. §§841(a)(1), 844 and 18 U.S.C. §2 remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

---

[21] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

Petitioner's reliance on Rosemond, presumably (although not so stated) as a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, is likewise unavailing, as petitioner well knows, having been specifically advised accordingly by the Third Circuit Court of Appeals in the Order denying his third 28 U.S.C. §2244(b) Application for Leave to File Second or Successive Petition. In that Order, the Third Circuit noted that "[p]etitioner relies on Rosemond v. United States, 134 S.Ct. 1240 (2014), but that case did not announce a new rule of constitutional law made retroactive to cases on collateral review."[22]

Petitioner's sidelong reference to Persaud[23] as opening the door for him to invoke the Savings Clause and presumably, to challenge his sentence under § 2241, likewise provides him no relief. Petitioner briefly addresses the Jones factors, and then impliedly asserts that the Supreme Court's order in Persaud v. United States, 134 S. Ct. 1023 (2014), establishes that § 2255 is inadequate or ineffective to challenge the legality of the sentence imposed by the district court. In Persaud, the petitioner filed a §2255 motion, arguing that his two prior felony drug convictions no longer qualified as proper predicate felonies based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The district court denied the motion as a successive § 2255 motion and rejected his alternative argument that he should be allowed to proceed under § 2241. Persaud v. United States, No. 3:12-cv-509-FDW, No. 3:01-cr-36-FDW-7, 2012 WL 5902557, at *2 (W.D.N.C. Nov. 26, 2012). The Fourth Circuit Court of Appeals affirmed district court's determination. United States v. Persaud, 517 F. App'x 137 (4th Cir. 2013).

---

[22] In re Jose Gonzalez-Rivera, No. 14-2725 (3rd Cir. Jul. 15, 2014).

[23] Petitioner cites to Persaud but makes no argument regarding the case.

13

On January 27, 2014, the Supreme Court granted *certiorari*, vacated the Fourth Circuit's judgment, and remanded the case to the Court of Appeals "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." Persaud, supra at 134 S. Ct. 1023. The Solicitor General maintained that Persaud should be permitted to pursue a § 2241 petition under § 2255(e), even though he was only challenging his sentence and not the underlying conviction. See Persaud v. United States, Brief for the United States, No. 13-6435, 2013 WL 7088877, at *22 (S.Ct. Dec. 20, 2013). The case was ultimately remanded to the district court and stayed, pending the Fourth Circuit's decision in United States v. Surratt, 797 F.3d 240 (4th Cir. July 31, 2015), which raised the same issue. Persaud v. United States, No. 3:12-cv-00509 (W.D.N.C. Dec. 5, 2014) (text order).

Petitioner's attempted reliance on Persaud fails for two reasons. First, the Supreme Court's decision in Persaud to grant *certiorari*, vacate the judgment, and remand the case for further consideration was not a decision on the merits. United States v. Simmons, 635 F.3d 140, 144 (4th Cir. 2011) ("At the outset, we note that when the Supreme Court grants *certiorari,* vacates an opinion, and remands for further consideration, it makes no determination on the merits of the underlying opinion."), *rev'd en banc on other grounds*, 649 F.3d 237 (4th Cir. 2011). The Supreme Court did not adopt the reasoning of the Solicitor General's brief and the views expressed in the Solicitor General's brief, on their own, have no controlling authority in this case.

Second, and more importantly, since Supreme Court remanded Persaud, the Fourth Circuit reaffirmed its prior holdings that sentencing errors are not redressable under the savings clause and a petitioner is only eligible for relief under § 2241 if he can present a "genuine claim of actual innocence of the crime of conviction." Surratt, *supra* at 248 - 49. Here, petitioner's

14

§2241 does not allege that he is actually innocent of the crimes he was convicted of, but, instead, ostensibly challenges the sentence imposed by the court. Under Surrat, such allegations are insufficient to establish that relief through §2255 is inadequate or ineffective. Therefore, petitioner may not proceed under § 2241.

Finally, to the extent petitioner is attempting to challenge the validity of his prior convictions under 18 U.S.C. §2 for aiding and abetting, the same is not appropriate in a §2241 action. Moreover, even if petitioner had not improperly filed a §2241 petition, and even if Rosemond were retroactively applicable to cases on collateral review, and even if this court had jurisdiction to vacate petitioner's Count Five and Six convictions for aiding and abetting the possession with intent to distribute cocaine, which it does not, because petitioner received a 10-year sentences on those counts, to run concurrently with his 36-year sentence in Count Two, it would make no difference at all in the length of his sentence even if they were vacated.

Petitioner has already repeatedly sought relief under § 2255, and as it is clear from the record that he is well aware, he may only pursue a second or successive habeas corpus petition if he receives permission from the Third Circuit Court of Appeals. 28 U.S.C. § 2255(h). As noted *supra*, it is apparent from the record that petitioner has repeatedly done so without success. Nonetheless, merely because relief is unavailable under § 2255, does not mean that petitioner can proceed under § 2241. In re Vial, *supra* at 1194. Accordingly, because petitioner has not met his burden of showing that a motion under § 2255 is an inadequate or ineffective remedy, his contention that Jones, Rosemond, and/or Persaud authorizes this Court to consider his claims under § 2241 lacks merit. The petition should be dismissed.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by February 10, 2016**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 27, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE