**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**


**JOSE GONZALEZ-RIVERA,**

        Petitioner,

v.

                                    **CIVIL ACTION NO. 2:14-CV-83
                                    (BAILEY)**


**RUSSELL PURDUE, Warden,**

        Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on January 27, 2016, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 18] on February 16, 2016. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background

On September 24, 1992, a jury found the petitioner guilty of conspiracy and various drug related charges. Although his original sentence was remanded, he was re-sentenced on November 7, 2000, to 36 years on Count Two; 10 years on Counts Five and Six, to run concurrently to Count Two; and 4 years on Count Eight, to run concurrently with Counts Two, Five, and Six. This was affirmed on appeal by the Third Circuit. Thereafter, petitioner filed a § 2255 petition, which was denied. Petitioner sought authorization to file a successive § 2255, but was denied. Thereafter, petitioner filed at least one additional § 2255 motion which was denied as second or successive. Petitioner also filed several unsuccessful § 2244 and § 2241 petitions, which are set out in detail in the R&R. Petitioner has now filed the instant § 2241 petition relying on the Savings Clause of § 2255(e). Specifically, the petitioner argues that he was "convicted by the reference of the aiding and abetting statute, that has since been narrowed . . .." [Doc. 1 at 8].

## Discussion

The law is clearly developed that merely because relief has become unavailable

under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in **Jones**, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in **Jones**, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. **Darden v. Stephens**, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

## Objections

Recently, the Fourth Circuit Court of Appeals reiterated that "**Jones** opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." **United States v. Surratt**, 2015 WL 4591677 (4th Cir. July 31, 2015). Surratt claimed he was innocent of the career offender status. The Court refused to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender. The Court explained, "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in **Jones** deviates from that settled approach." **Id**. at *6. For the same reason, the petitioner's claims must also fail.

Petitioner argues that this Court should overrule the R&R or hold it in abeyance pending the Fourth Circuit's rehearing *en banc* in **Surratt**. He asserts that the decision "should correct any misunderstanding as to whether [he] may continue under § 2241." [Doc. 18 at 2]. This Court is not persuaded. In **Surratt**, the Fourth Circuit Court of Appeals reaffirmed its prior holdings that sentencing errors are not redressable under the Savings Clause and a petitioner is only eligible for relief under § 2241 if he can present a "genuine claim of actual innocence of the crime of conviction." **Surratt**, 2015 WL 4591677. In this case, the petitioner does not allege that he is actually innocent of the crimes for which he

was convicted; rather, he challenges the sentence imposed by the court.  Because Gonzalez-Rivera has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim.  Accordingly, the petitioner's Objections [Doc. 18] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  The petitioner's Objections **[Doc. 18]** are **OVERRULED**.  Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Gonzalez-Rivera has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 22, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE